UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                          )<br>                        Plaintiff,           )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>MICHAEL ANTHONY CURRY,           )<br>                                                          )<br>                        Defendant/Petitioner. )<br>                                                          ) | 02:01-CR-0238-LRH (RJJ)<br><br>ORDER |

Presently before this court are Petitioner Michael Curry's motion for a writ of error *coram nobis* (#112[1]) and motion for summary judgment and disposition (#120). The United States has filed an opposition to the writ of error *coram nobis* (#119). No reply has been filed.

The United States' opposition treats Petitioner's motion for a writ of error *coram nobis* as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner, in his filing labeled Motion for Summary Judgment and Disposition, "strongly objects to the government's recharacterization [sic] of his motion as a 2255." (#120 at 2). Petitioner insists that his motion is a mixed motion seeking relief in the form of a writ of error *coram nobis* and relief under Federal Rule of Civil Procedure 60(b)(6).

A writ of *coram nobis* is a rarely invoked writ designed, essentially, to correct legal errors *after* one has been released from custody. *See Estate of McKinney ex rel. McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995) (noting the writ "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody"). The United States has

---

[1] References to (#XX) refer to the court's docket.

1  demonstrated that Petitioner has been sentenced to a term of incarceration which currently
2  defines him as incarcerated.  Further, Petitioner has not presented evidence that he has, in fact,
3  completed his sentence.  As such, the writ of *coram nobis* is unavailable to Petitioner at this time,
4  and any requested relief under such a theory will be treated as a motion pursuant to § 2255.  *See*
5  *United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) (treating improper motion for writ of
6  error *coram nobis* as a 2255 petition).

7  Petitioner also seeks review under Federal Rule of Civil Procedure (Rule) 60(b)(6).
8  Courts routinely bar Rule 60(b) motions, filed after unsuccessful 2255 petitions, as successive
9  petitions requiring permission from the court to file.  *See Thompson v. Calderon*, 151 F.3d 918,
10 921 (9th Cir. 1998).  Further, the trend is for courts to treat constitutional attacks on sentences as
11 2255 petitions no matter how they are labeled.  *United States v. Rich*, 141 F.3d 550, 551 (5th Cir.
12 1998).  Accordingly, the court will treat Petitioner's motion as a 2255 petition[2].

13 Petitioner was sentenced on December 14, 2001 and filed the pending motion on
14 December 28, 2005.  28 U.S.C. § 2255 provides for a 1-year period of limitation which begins
15 upon "the date on which the judgment of conviction becomes final."  The United States
16 demonstrates, and Petitioner admits, that the pending motion is barred by this limitation period.
17 *See* Pet'r Mot. For Summ. J. and Disposition at 2 ("Petitioner is aware that there are time
18 limitations, as well as procedural bars which preclude him from filing a 28 U.S.C. § 2255, as
19 well, this is the reason that he did not initially title the motion as a 2255.").

20 Finally, Petitioner has sought an order of "Judgment in Default" against the United States

---

[2] Even if the court were to both treat the motion as a Rule 60(b)(6) request to relieve Petitioner from a final judgment, order, or proceeding based on "any other reason justifying relief from the operation of the judgment" and reach the merits of Petitioner's argument, the court would deny the pending motion.  Petitioner's argument that the court was without jurisdiction because the indictment did not cite to 18 U.S.C. § 2113(f), a definition section of the bank robbery statute, is without merit and was waived by his guilty plea.  *United States v. Mathews*, 833 F.2d 161, 163 (9th Cir. 1987).  Petitioner's claims of inefficient assistance of counsel and lack of due process are equally unfounded.  Finally, Petitioner's request for relief under the *Booker* and *Blakely* line of cases is improper as those protections are not applied retroactively to collateral appeals.  *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).

based on Petitioner's belief that the United States' opposition was filed late. The United States recognizes that its opposition was due on May 26, 2006, and admits it was not filed until May 30, 2006, because of an error in the electronic filing process. The court accepts the United States' justification for its late filing and has considered its opposition in the disposition of the pending motions. Accordingly, the court will deny Petitioner's request for a default judgment.

It is therefore ORDERED that the Petitioner's Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 and Rule 60(b) Review of Sentence (#112) is DENIED.

It is further ORDERED that Petitioner's Motion for Summary Judgment and Disposition (#120) is DENIED.

DATED this 10th day of October, 2006.

_____
LARRY R. HICKS
United States District Judge