UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL ANTHONY CURRY,<br><br>　　　　Defendant. | 2:01-cr-00238-LRH-RJJ<br><br>ORDER |

Before the court is defendant Michael Anthony Curry's ("Curry") motion to vacate judgment under Fed. R. Civ. P. 60(b)(4) filed on April 7, 2009. Doc. #131[1]. Also before the court is Curry's motion for leave to file a reply to his motion to vacate. Doc. #134.

On December 14, 2001, Curry pled guilty to violating 18 U.S.C. § 2133(a) & (d), armed bank robbery, and 18 U.S.C. § 924(c)(1)(A)(1)(i) & (ii), using a firearm in furtherance of a crime of violence. He is currently serving his sentence. On April 7, 2009, Curry filed the present motion to vacate his sentence and judgment. Doc. #131. Curry argues that, pursuant to Fed. R. Civ. P. 60(b)(4), the judgment against him is void because the court did not have jurisdiction to enter a sentence against him. *Id*.

While Curry styles his motion as a Rule 60 motion, the court shall treat the motion as a

---

[1] Refers to the Court's docket number.

1  successive § 2255 petition. Courts routinely bar Rule 60(b) motions, filed after unsuccessful § 2255
2  petitions, as successive petitions requiring permission from the court to file. *See Thompson v.*
3  *Calderon*, 151 F.3d 918, 921 (9th Cir. 1998). Curry has not obtained Ninth Circuit permission to
4  file a successive petition as required by 28 U.S.C. § 2255(h), nor does he claim that his motion
5  contains newly discovered evidence or that it is based on a new rule of constitutional law. His
6  motion is therefore improper and shall be denied.
7         Addressing the merits of Curry's motion, the court finds that it is without merit. Curry
8  argues that the court was without jurisdiction because the indictment did not cite to
9  18 U.S.C. § 2331(f), a definition section of the bank robbery statute. Section 2113(f) contains only
10 definitions, not elements of the crime, and as such, citation does not have to be included in the
11 indictment. Additionally, Curry waived his right to challenge the sufficiency of the indictment by
12 pleading guilty. *United States v. Mathews*, 833 F.2d 161, 163 (9th Cir. 1987). Accordingly, even if
13 the court did not treat Curry's motion as a successive § 2255 petition, his motion is without merit
14 and would be denied.
15         IT IS THEREFORE ORDERED that defendant's motion to vacate judgment (Doc. #131) is
16 DENIED.
17         IT IS FURTHER ORDERED that defendant's motion for leave to file a reply (Doc. #134) is
18 GRANTED *nunc pro tunc*.
19         IT IS SO ORDERED.
20         DATED this 15th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE